| WOODARD, J.,
dissenting.
I respectfully dissent from the majority’s opinion.
In order to have a valid cause of action for defamation, there must, first, be a defamatory statement. To have a defamatory statement, the plaintiff must, at least, allege that the statement is false, since that is the baseline element of proof required in order for her to prevail.
In the instant case, Plaintiff has not alleged in her pleadings that her employer’s statements, that “all employees had to submit to a polygraph test or ... they would be fired” and that “all employees were suspected of stealing $10,000 of inventory,” were false (emphasis added). Apparently, the statements were true reflections of the action the employer was going to take and the employer’s suspicion. Thus, the statements cannot be considered to be defamatory, and Plaintiff has not stated a cause of action from which she can be granted relief.
What the Plaintiff has done in her pleadings and argument is change the meaning of her employer’s statement in order to fashion a cause of action. Namely, in her pleadings, she quotes her employer as having stated the above, but then, talks about *393 the statement as if the employer had accused her of having committed a crime. li>She uses “suspected” and “accused” interchangeably. The meaning of these two words is dramatically different. In the instant context, “accused” connotes that she is guilty of the crime of theft, as in “you stole the inventory.” Whereas, “suspected” means a mere suspicion of having committed the crime, which implies doubt of her guilt, as in the statement which Plaintiff says that the employer actually made. Essentially, the Plaintiff is arguing against a statement her employer did not make.
Since she does not maintain that the latter statement regarding suspicion, which the employer allegedly made, was not false, we cannot proceed to the other elements of proof required for sustaining a defamation cause of action, such as “publication,” which the majority does. Publication is irrelevant if there was no false statement alleged to have been made.
Accordingly, the exception of no cause of action should have been granted.